UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHARON BRIDGEWATER,

    Plaintiff(s),

vs.

HAYES VALLEY LIMITED PARTNERSHIP, et al,

    Defendant(s).

No. 08-5622 MHP

**ORDER DISMISSING COMPLAINT AND DENYING IN FORMA PAUPERIS**

    This action stems from unlawful detainer proceedings in the Superior Court for the County of San Francisco. A stipulation for entry of judgment and dismissal was filed in 2006; a declaration of non-compliance and judgment thereon was entered and subsequently vacated; and a stipulation for entry of judgment was entered on February 19, 2008, finally disposing of the matter. The stipulated judgment in that action, CUD-06-617995, provides that: "This stipulation shall be dispositive of all issues raised in Plaintiff's Complaint and all affirmative defenses which could have been raised in Defendant's Answer." Clearly, the stipulated judgment contemplated finality.

    Plaintiff filed this action in federal court on December 17, 2008, making a variety of state law claims related to her treatment in the detainer proceedings including claims of wrongful eviction, breach of contract based upon the lease agreement which was the subject of those proceedings and various tort claims including species of fraud. Plaintiff has now filed an amended complaint adding

1

claims alleging violations of a "HUD Regulatory/Management Agreement" and statutes and regulations governing HUD ("Housing and Urban Development").

Plaintiff's complaint as originally filed was premised on diversity jurisdiction. However, the complaint fails to properly allege such jurisdiction and it appears that diversity jurisdiction does not exist. Plaintiff alleges not citizenship as is required under 28 U.S.C. section 1332(a), but rather residence, stating that she is a "resident" of Hawaii. Residence is not the same as citizenship, and it is citizenship that must be alleged. Furthermore, it appears from the amended complaint that plaintiff is staying in California to pursue this lawsuit. So, it is not clear of what jurisdiction plaintiff is a citizen. Her allegations regarding defendants' citizenship is equally problematic, given that the first three named defendants are partnerships and it is necessary for diversity jurisdiction purposes to allege the citizenship of all partners.

The addition of the HUD claims in plaintiff's most recent amended complaint do not aid her in affording federal question jurisdiction since there is no private right of action to pursue a claim under the federal statutes and regulations relied on by plaintiff and the Agreement alleged in her tenth cause of action does not create an actionable right in a tenant.

It is also important to note that Federal Rule of Civil Procedure 8(a)(2) requires that a plaintiff set forth a "short and plain statement of the claim" or claims. Plaintiff's claims are neither short nor plain. They include a lot of facts and verbiage that are not pertinent or appropriate to a short and plain statement.

Finally, the nature of plaintiff's complaint taken together with the stipulated judgment in the state court action indicates that plaintiff is attempting to revisit the state court action, even though the claims are characterized differently. To the extent plaintiff has legitimate claims she should file them in state court and seek a reopening of that action.

As stated above, plaintiff has failed to satisfy the jurisdictional requirements of either diversity or federal question jurisdiction. Since these are fundamental to this court's jurisdiction, in the absence of jurisdiction this court must dismiss the complaint. Therefore,

1  IT IS HEREBY ORDERED that the complaint, including the amended complaint with its
2  first amendment, is DISMISSED without prejudice to plaintiff filing an action in the state court and
3  her application to file in forma pauperis is DENIED.

5  Date: January 26, 2009

MARILYN HALL PATEL
Judge
United States District Court
Northern District of California

3